|  |  |
|---|---|
| OLGA CIOBAN-LEONTIY,<br><br>    Plaintiff,<br><br>    v.<br><br>SILVERTHORN RESORT ASSOCIATES, LP, a California Limited Partnership, WATERWAY HOUSEBOAT BUILDERS, a foreign corporation, VOLVO PENTA OF THE AMERICAS, LLC, a Delaware Limited Liability Company, and DOES 1-50, inclusive,<br><br>    Defendants. | No. 2:17-cv-01626-MCE-DMC<br><br>**ORDER** |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Through the present action, Plaintiff Olga Cioban-Leontiy ("Plaintiff") seeks damages for personal injuries she sustained after jumping from a houseboat in Lake Shasta, California. Plaintiff's Complaint was originally filed in Shasta County Superior Court on May 10, 2017, and included causes of action for products liability and negligence. In addition to suing Defendant Silverthorn Resort Associates, LP ("Silverthorn"), the marina where the houseboat had been rented, Plaintiff's Complaint also named Twin Anchors Marine, Ltd. and Volvo Penta of the Americas, LLC ("Volvo Penta") as additional Defendants.

On August 3, 2017, after filing its answer to Plaintiff's Complaint the previous day, Volvo Penta filed a Notice of Removal to this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331, the Federal Boat Safety Act of 1971, the Inland Navigation Rules, and maritime jurisdiction in accordance with 28 U.S.C. § 1333. ECF No. 1. Then, on August 4, 2017, the Court issued its initial Pretrial Scheduling Order ("PTSO"), which set various deadlines, including a deadline that fact discovery be completed within 365 days after the federal case was opened.

Silverthorn now moves to extend the deadlines contained in the Scheduling Order on grounds that the issues and parties in this case have been in such flux that commencing full blown discovery until very recently was impracticable. Although as indicated above Plaintiff's Complaint was filed on May 10, 2017, Plaintiff thereafter added Waterway Houseboat Builders, the entity that allegedly constructed the houseboat, and then dismissed Waterway in May of 2018. In addition, as recently as August 8, 2018, Plaintiff sought to file an amended Complaint to add the owner of the houseboat as a defendant before ultimately withdrawing that motion. In addition, the issue of whether Volvo Penta's cost waiver settlement was made in good faith (so as to preclude counterclaims from, among others, Silverthorn) remains unresolved at the present time.

Once a district court has issued a PTSO pursuant to Federal Rule of Civil Procedure 16, that Rule's standards control. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992). Prior to the final pretrial conference in this matter, which is presently set for June 22, 2017, the Court can modify its PTSO upon a showing of "good cause." See Fed. R. Civ. P. 16(b).

"Unlike Rule 15(a)'s liberal amendment policy, which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. In explaining this standard, the Ninth Circuit has stated that:

> [a] district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Moreover, carelessness is not compatible with a finding of diligence and offers no reason for granting of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modifications. If that party was not diligent, the inquiry should end.

Id. (citations omitted).

In opposing the Motion, Plaintiff does not appear to controvert the fact that the parties and issues implicated by this case have remained a moving target, virtually up to and including the present. Instead, Plaintiff's primary argument appears to be that fact discovery technically closed, pursuant to the Court's initial Scheduling Order, on August 3, 2018, with Silverthorn not moving to extend that discovery deadline through the present Motion until August 23, 2018, nearly three weeks later. According to Plaintiff, that delay militates against any finding of due diligence on Silverthorn's part that would support the granting of an extension.

Silverthorn, in response, not only points out that it has neither sought nor obtained any previous extensions in this matter, but also argues that Plaintiff herself should be estopped from enforcing the existing discovery cutoff given her own shifting approach towards litigating the lawsuit. Significantly, too, the Court notes that Plaintiff participated in scheduling various depositions in this case in August and September, only to subsequently invoke the discovery deadline after August 3, 2018 had passed.

////
////
////
////
////
////
////
////

After reviewing the circumstances of this matter in its entirety the Court concludes that Silverthorn has demonstrated diligence sufficient to justify an extension. Silverthorn's Motion to Modify Initial Pretrial Scheduling Order (ECF No. 63) is accordingly GRANTED.[1]  The deadline for completing discovery, with the exception of expert discovery, will therefore be continued for six months, to February 1, 2019, with additional deadlines to be calculated accordingly.

IT IS SO ORDERED.

Dated: November 6, 2018

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[1] Because the Court determined that oral argument would not be of material assistance, this Motion was submitted on the briefs in accordance with E.D. Local Rule 230(g).