UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLGA CIOBAN-LEONTIY,<br><br>Plaintiff,<br><br>v.<br><br>SILVERTHORN RESORT ASSOCIATES, LP, a California Limited Partnership, WATERWAY HOUSEBOAT BUILDERS, a foreign corporation, VOLVO PENTA OF THE AMERICAS, LLC, a Delaware Limited Liability Company, and DOES 1-50, inclusive,<br><br>Defendants. | No. 2:17-cv-01626-MCE-DMC<br><br>**ORDER** |

Through the present action, Plaintiff Olga Cioban-Leontiy ("Plaintiff") seeks damages for personal injuries she sustained after jumping from a houseboat on Lake Shasta, California. Plaintiff's Complaint was originally filed in Shasta County Superior Court on May 10, 2017, and included causes of action for products liability and negligence. In addition to suing Defendant Silverthorn Resort Associates, LP ("Silverthorn"), the marina where the houseboat had been rented, Plaintiff's Complaint also named Volvo Penta of the Americas, LLC ("Volvo"), the manufacturer of the houseboat's motor, as an additional Defendant.

Now before the Court is Plaintiff's Motion (ECF No. 41) that its subsequent settlement with Volvo Penta, in exchange for a waiver of costs and attorney's fees, be deemed a good faith settlement within the meaning of California Code of Civil Procedure § 877.6 ("§ 877.6"). Volvo has filed a Memorandum in support of that determination (ECF No. 55) and Silverthorn has submitted an opposition. (ECF No. 57).

Section 877.6 provides in pertinent part, as follows:

> (a) (1) Any party to an action wherein it is alleged that two or more parties are joint tortfeasors shall be entitled to a hearing on the issue of the good faith of a settlement entered into by the plaintiff or other claimant and one or more alleged tortfeasors . . .
>
> ......
>
> (c) A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault.
>
> (d) The party asserting the lack of good faith shall have the burden of proof on that issue.

Cal. Code of Civ. Proc. § 877.6.

The California Supreme Court, in Tech-Bilt, Inc. v. Woodward-Clyde & Assoc., 38 Cal. 3d 488, 494 (Cal. 1985) found that the main purpose of § 877.6 is to encourage both settlement and the equitable sharing of costs among the parties at fault. A district court may properly consult the provisions of § 877.6 in determining whether an early settlement meets the requisite good faith scrutiny. See, e.g., Federal Sav. and Loan Ins. Corp. v. Butler, 904 F.2d 505, 511 (9th Cir. 1990). The party asserting an absence of good faith has the burden of proof in establishing that the settlement is "so far 'out of the ballpark'" in relation to the factors identified by Tech-Bilt[1] so as not to merit protection under § 877.6. Tech Bilt, 38 Cal. 3d at 499-500.

---

[1] Those factors include, inter alia, consideration of the amount paid in settlement in relation to the settlor's proportionate liability, the existence of fraud or collusion in reaching the settlement, and recognition that the settlor should pay less in settlement than if found liable following trial. Tech-Bilt, 38 Cal. 3d at 494.

2

As the present motion expressly concedes, Plaintiff "sustained catastrophic propeller blade injuries to both legs when she jumped into the water at the aft of the houseboat near the propeller" on May 30, 2015. Pl.'s Mot, ECF No. 41, 2:13-14. Silverthorn alleges that according to the Statement of Damages filed by Plaintiff on May 16, 2017, those injuries required the expenditure of some $359,513.28 in medical care. Plaintiff also apparently claimed $50,000 in lost earnings, $1 million in loss of future earnings capacity, and $100 million as compensation for her pain and suffering. See Pl.'s Opp., ECF No. 57, 3:18-24. Despite the propeller's ostensible role in causing her injuries, Plaintiff states she nonetheless believes "VOLVO is not responsible" and given the lack of a "viable" claim against Volvo, her counsel concluded that a dismissal of Volvo in exchange for a waiver of costs and attorney's fees was proper. Pl.'s Mot., 4:14-5:1. Plaintiff also claims its settlement in that regard merits a good faith determination so as to preclude any potential indemnity claims by other parties against Volvo. The sole case she cites is a Supreme Court decision entitled <u>Sprietsma v. Mercury Marine</u>, 537 U.S. 51 (2002).

In this Court's view, <u>Sprietsma</u> does not help either Plaintiff's argument that there can be no liability on Volvo's part or Volvo's related claim that any state claims asserted against it are preempted. <u>Sprietsma</u>, like the present matter, involved personal injuries sustained as a result of a boating accident when the petitioner's wife was struck by the propeller of an outboard motor. Also like the present case, the petitioner in <u>Sprietsma</u> pursued tort claims under state law alleging that the motor was unreasonably dangerous because it was not protected by a propeller guard. The Supreme Court reversed a decision by the Illinois Supreme Court finding that Sprietsma's claims were impliedly preempted by the Federal Boat Safety Act of 1971, 46 U.S.C. § 4301, et seq. ("FBSA" or "Act").

In making that conclusion, the Court found that in enacting the FBSA, Congress intended to permit preemption only as to the Act's "positive enactments," and accordingly declined to extend preemption to state common law claims as to matters not specifically

3

addressed.  Sprietsma, 537 U.S. at 63.  The fact that the Coast Guard, the agency entrusted by Congress for issuing safety regulations under the Act, chose not to impose positive regulations concerning the use of propeller guards did not, according to the Court, convey any "authoritative message" that would supersede the viability of additional state law protections.  Id. at 67.  The Court noted that the FBSA's savings clause expressly recognized that compliance with the Act did "not relieve a person from liability at common law or under State law."  Id., citing 46 U.S.C. § 4311(g).  Consequently, the Court rejected any claim that common-law tort claims are expressly preempted by the FBSA.

       Significantly, too, the Court went on to reject any notion that such claims are impliedly preempted by the FBSA, observing that it would be "quite wrong" to view the Coast Guard's decision not to require propeller guards as "the functional equivalent of a regulation prohibiting all States and their political subdivisions from adopting such a regulation."  Id. at 65.  The court further found there was no evidence that in enacting the FBSA, there was any "clear and manifest intent to sweep away state common law", with nothing in the legislative history suggesting that the FBSA intended to occupy the entire field of safety concerns so as to preclude common law remedies.  Id. at 69-70.

       Consequently, the Court cannot agree that Sprietsma forecloses the possibility of Silverthorn's indemnification for common law claims like the negligence and products liability theories advanced by Plaintiff in her complaint.  As discussed at the time of the August 16, 2018, hearing on this motion, however, to the extent that Plaintiff agreed to forego any products liability claims altogether, there would be no reason for the remaining defendant, Silverthorn, to look to Volvo for indemnification.  In that event there would be no impediment to finding that the settlement between Volvo and Plaintiff was made in good faith so as to foreclose such claims.  Despite being accorded thirty days within which to amend her Complaint to address these concerns, however, Plaintiff declined to do so.  Her Complaint still includes the same products liability allegations that it did before, and while Plaintiff alleges that she intends to pursue Silverthorn only for its

4

own independent fault in failing to ensure the outboard motor's safety, that does not mean that viable indemnity claims implicating Volvo cannot still be asserted. The operative First Amended Complaint still asserts that the Volvo engine was defective when it left Volvo's possession in the absence of a propeller guard or suitable warnings and alleges that the "unreasonably dangerous nature of such effects . . . created a high probability" of an accident like Plaintiff's. Am. Compl., ECF No. 17, ¶¶ 14, 16.[2] Given those allegations, an indemnity claim against Volvo cannot be ruled out at this juncture even though Plaintiff has dismissed Volvo as a Defendant. That fact, as well as the potentially enormous damages involved in this matter, precludes this Court from finding that a settlement between Volvo and Plaintiff for a waiver of costs satisfied the standards for making a good faith settlement determination as articulated by Tech-Bilt so as to bar any cross-claim against Volvo. The settlement between Volvo and Plaintiff is too far "out of the ballpark" to permit any such finding.

In sum, then, and following consideration of all the foregoing factors, Plaintiff's Motion Requesting an Order of Good Faith Settlement with Volvo is DENIED.[3]

IT IS SO ORDERED.

Dated: November 13, 2018

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[2] While the Court recognizes Volvo's contention that the use of a propeller guard may not ultimately have mattered to the extent that such a guard would not have survived previous collisions between the motor and submerged rocks and debris in the lakebed, any suggestion to that effect in the June 11, 2015 Accident Report prepared by the Shasta County Sheriff's Office, or inference therefrom "as a matter of common knowledge" (See Volvo's Stmt., ECF No 55, 5:11-24), is not dispositive at this juncture as to the liability issues presented by this case.

[3] Having determined that oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs in accordance with E.D. Local Rule 230(g).