**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

<table>
<tr><td>OLGA CIOBAN-LEONTIY,</td><td>No.  2:17-CV-1626-MCE-DMC</td></tr>
<tr><td>Plaintiff,</td><td></td></tr>
<tr><td>v.</td><td><u>ORDER</u></td></tr>
<tr><td>SLIVERTHORN RESORT<br>ASSOCIATES, LP, et al.,</td><td></td></tr>
<tr><td>Defendants.</td><td></td></tr>
</table>

AND RELATED CROSS-ACTIONS

       Plaintiff, who is proceeding with retained counsel, brings this civil action. Pending before the court are separate motions filed by defendant Silverthorn Resort Associates, LP, to exclude plaintiff's expert witnesses Dorajane Apuna-Grummer (Doc. 91) and Alison Osinski (Doc. 95).[1]  The parties appeared for oral argument before the undersigned in Redding, California, at 10:00 a.m. on January 30, 2019.  Jeffrey Fletterick, Esq., appeared telephonically

/ / /

---

[1]     Pursuant to separate minute orders issued by the District Judge's chambers, defendants were instructed to notice their motions to exclude for hearing before the assigned Magistrate Judge.  <u>See</u> Docs. 92 and 96.

for plaintiff.  David Billings, Esq., appeared telephonically for defendant.  After considering the arguments of counsel, the matters were submitted.

## I. BACKGROUND

This action originates on plaintiff's complaint, filed in the Shasta County Superior Court and removed to this court as a federal question under the Federal Boat Safety Act of 1971, 46 U.S.C. § 4301, et seq.  See Doc. 1 (Notice of Removal).  Plaintiff alleges she was injured on May 30, 2015, when she was struck by the propeller of a houseboat she rented from defendant for use on Lake Shasta.  See id. at Exhibit 1, pg. 1 (plaintiff's complaint attached to defendants' Notice of Removal).  Plaintiff alleges three state law causes of action for strict products liability, negligent products liability, and ordinary negligence.  See id. According to defendants, plaintiff's state law claims are completely preempted by federal law because Shasta Lake is under federal jurisdiction.  Plaintiff filed a first amended complaint upon which the action currently proceeds on October 24, 2017, alleging the same state law causes of action.  See Doc. 17.

On August 4, 2017, the District Judge issued an initial pre-trial scheduling order. See Doc. 2.  Regarding expert witnesses, the order specifies:

> All counsel are to designate in writing, and serve upon all other parties the name, address, and area of expertise of each expert that they propose to tender at trial not later than sixty (60) days after the close of discovery.  The designation shall be accompanied by a written report prepared and signed by the witness.  The report shall comply with Federal Rule of Civil Procedure 26(a)(2)(B).
>
> * * *
>
> All experts designated are to be fully prepared at the time of designation to render an informed opinion, and give[] the bases for their opinion, so that they will be able to give full and complete testimony at any deposition taken by the opposing party.  Experts will not be permitted to testify at the trial as to any information gathered or evaluated, or opinion formed, after deposition taken subsequent to designation.
>
> Id. at 3-4 (emphasis added).

Pursuant to the scheduling order, all non-expert discovery was to be completed no later than 365 days from the date the case was opened in this court, or by August 3, 2018. See id. at 2. "Completed" means "all discovery shall have been conducted so that all depositions have been taken and any dispute related to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed." Id. Given this discovery cut-off date, expert designations were due on or before October 2, 2018. Plaintiff designated Dorajane Apuna-Gummer, a Nurse Life Care Planner, and Alison Olinski, Ph.D., as expert witnesses on October 2, 2018. See Doc. 91-1, Exhibit A (Plaintiff's disclosure of expert witnesses and reports).

## II. DISCUSSION

### A. Ms. Apuna-Grummer

Plaintiff designated Ms. Apuna-Grummer to testify as to a life care plan for plaintiff. Defendant took Ms. Apuna-Grummer's deposition on October 24, 2018. At the deposition, Ms. Apuna-Grummer testified that she was retained by plaintiff's counsel on September 26, 2018. See Doc. 91-1, Exhibit C (excerpts of transcript of Ms. Apuna-Grummer's deposition). According to Ms. Apuna-Grummer, the first contact she had with plaintiff's counsel regarding this case was "[t]he end of September [2018]." Id. at pg. 9, lines 1-3. Ms. Apuna-Grummer also testified that her life care plan was not complete. See Doc. 92-1, Exhibit D (excerpts of transcript of Ms. Apuna-Grummer's deposition). In particular, Ms. Apula-Grummer testified as follows:

> Q. Forgive me. I created confusion. I'm referring – I'm not talking about that. This is what your plan is based on. The sentence says, "The plan is based on projected medical needs as described by the medical records, discussions with her treaters, interview with Ms. Cioban as related to the accident, and other items related to the medical diagnoses." What other items are you talking about in formulating your plan?
>
> A. This would be suggestions by the doctors, and this paragraph, I put these – the conclusions is generic for all my life care plans because it's very evidence that I haven't had a chance to talk to her treaters

/ / /

3

or to do the on-site with her. So I won't be able to answer that until after I've talked to the treaters and seen her.

Doc. 92-1, Exhibit E (excerpts of transcript of Ms. Apuna-Grummer's deposition).

Citing the District Judge's August 4, 2017, scheduling order, Federal Rule of Evidence 702(b), and Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993), defendant argues Ms. Apuna-Grummer should be excluded as an expert witness because her testimony lacks proper foundation in facts and data.

In opposition, plaintiff does not contest any of the facts outlined by defendant in its motion. Rather, plaintiff places blame for Ms. Apula-Grummer's lack of preparation at the feet of the medical professionals, arguing the expert was at the mercy of the medical professionals' schedules in formulating her report. According to plaintiff, she "should not be prejudiced by situations that were not her doing." Plaintiff states:

Sometimes deadlines simply cannot be changed. But this is a situation wherein Ms. APUNA-GRUMMER did the best she could given the calendar of the treating physician in this case, and has not provided the information for both parties and the Court to discuss. Cases should be decided based upon the facts and arguments, and not because of a third party (Plaintiff's physician). Plaintiff is not aware of any prejudice to Defendant.

While it may be true Ms. Apula-Grummer did all she could given the limited time period between being retained by plaintiff's counsel on September 26, 2018, and the expert disclosure deadline of October 2, 2018, it is clear plaintiff's counsel did not. The time crunch plaintiff complains of was entirely of plaintiff's counsel's own making. Plaintiff has not explained why she failed to retain Ms. Apuna-Grummer earlier so that the expert could have conducted a complete evaluation before rendering her report and giving her deposition. Plaintiff's offer to limit Ms. Apuna-Grummer's trial testimony to only those opinions expressed at her October 24, 2018, deposition is of no avail because, as indicated above, none of Ms. Apuna-Grummer's opinions are supported by adequate foundation. In particular, Ms. Apuna-Grummer testified her opinions are generic and she would not be able to offer opinions specific to plaintiff until after she had discussed the case with both plaintiff as well as her treating doctors.

Based on the specific language contained in the District Judge's scheduling order, as well as the foundation requirements of Rule 702 and the court's gatekeep function under <u>Daubert</u>, defendant's motion to exclude expert witness testimony at trial from Ms. Apuna-Grummer will be granted.[2]

**B.    Dr. Osinksi**

Dr. Osinki was designated by plaintiff on October 2, 2018, to provide expert testimony regarding industry safety standards. Defendant took Dr. Osinski's deposition on October 26, 2018. Dr. Osinski testified as to opinions she was prepared to render regarding safety standards for houseboat rentals and related instructions and warnings in general, as well as propeller guards and ladder interlock devices in particular. <u>See</u> Doc. 95-1, Exhibit C (excerpts of transcript of Dr. Osinki's deposition). Again citing the District Judge's scheduling order, Rule 702, and <u>Daubert</u>, defendant argues Dr. Oskinski should be precluded from testifying as an expert at trial because "[t]here is no connection between Osinski's opinions and the data upon which her opinions are based." Specifically, defendant contends Dr. Osinski did not contact any houseboat rental companies to determine their procedures, could not name any houseboat rental company on Lake Shasta or in California that used ladder interlock devices, the doctor was only aware of one prior propeller strike in 1995, and did not read the deposition transcript of the person who rented the houseboat involved in this case.[3]

/ / /

/ / /

/ / /

/ / /

---

[2]    The court notes defendant sought modification of the District Judge's scheduling order on August 23, 2018, <u>see</u> Doc. 63, but plaintiff opposed that request, <u>see</u> Doc. 69. In opposing any modification of the schedule, plaintiff argues all parties knew of the schedule and that defendant had not shown good cause for modification. <u>See</u> Doc. 69. Defendant ultimately withdrew the motion to modify the schedule. <u>See</u> Doc. 84.

[3]    As to propeller strikes and ladder interlock devices, the court notes plaintiff represented both in its opposition papers as well as at the hearing on defendant's motion that plaintiff was abandoning these issues. For this reason, plaintiff argued defendant's motion relating to Dr. Osinki's testimony on those issues was essentially moot. Plaintiff's counsel, however, retreated from that position when defendant's counsel argued the court should limit Dr. Osinski's testimony as to those particular issues.

Defendant's argument is not persuasive. Unlike Ms. Apuna-Grummer, who admitted her life care plan opinions were not based on a complete evaluation of the available evidence, Dr. Osinski's opinions are based on her own experience and training in aquatics safety. Also unlike Ms. Apuna-Grummer, who was designated to testify as to a life care plan specific to plaintiff but who failed to conduct an adequate evaluation to provide a foundation for her specific opinions regarding plaintiff's future life care expenses, Dr. Osinski was designated to provide more general expert testimony concerning industry safety standards for which her experience and training provides adequate foundation. Defendant's arguments go to the weight the trier of fact may decide to give Dr. Osinski's opinions, not to their admissibility in the first instance. It seems clear Dr. Osinksi is qualified to testify as to aquatics safety in general. Whether she is a credible expert witness with respect to the particular issues presented in this case involving a houseboat accident on Lake Shasta is a question defendant is free to explore with the jury. Defendant's motion will be denied as to Dr. Osinski.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## III. CONCLUSION

The parties should not construe anything in this order as altering any provision of the District Judge's scheduling order, nor should the parties construe this order as in any way prejudicing their ability to seek an order from the District Judge modifying the schedule.

Accordingly, IT IS HEREBY ORDERED that:

1.      Defendant's motion (Doc. 91) to exclude testimony at trial from Ms. Apuna-Grummer as an expert witness is granted; and

2.      Defendant's motion (Doc. 95) to exclude testimony at trial from Dr. Osinski as an expert witness is denied.

Dated:  January 31, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE