UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLGA CIOBAN-LEONTIY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SILVERTHORN RESORT ASSOCIATES, LP, a California Limited Partnership, WATERWAY HOUSEBOAT BUILDERS, a foreign corporation, VOLVO PENTA OF THE AMERICAS, LLC, a Delaware Limited Liability Company, and DOES 1-50, inclusive,<br><br>　　　　Defendants. | No. 2:17-cv-01626-MCE-DMC<br><br>**ORDER** |
| SILVERTHORN RESORT ASSOCIATES, LP, a California Limited Partnership,<br><br>　　　　Cross-Claimant,<br><br>　　v.<br><br>DMITRY GAIDUCHIK, MAKSIM LEONTIY, VOLVO PENTA OF THE AMERICAS, LLC, a Delaware Limited Liability Company, and WATERWAY HOUSEBOAT BUIDERS, a foreign corporation,<br><br>　　　　Cross-Defendants. | |

| | |
|---|---|
| 1 | VOLVO PENTA OF THE AMERICAS, LLC, a Delaware Limited Liability Company, |
| 2 | |
| 3 | Cross-Claimant, |
| 4 | v. |
| 5 | DMITRY GAIDUCHIK, MAKSIM LEONTIY, SILVERTHORN RESORT ASSOCIATES, LP, a California Limited Partnership, and WATERWAY HOUSEBOAT BUIDERS, a foreign corporation, |
| 6 | |
| 7 | |
| 8 | |
| 9 | Cross-Defendants. |

Through the present action, Plaintiff Olga Cioban-Leontiy ("Plaintiff") seeks damages for personal injuries she sustained after jumping from a houseboat on Lake Shasta, California. Plaintiff's Complaint was originally filed in Shasta County Superior Court on May 10, 2017, and included causes of action for products liability and negligence. In addition to suing Defendant Silverthorn Resort Associates, LP. ("Silverthorn"), the marina where the houseboat had been rented, Plaintiff's Complaint also originally named Volvo Penta of America ("Volvo"), the manufacturer of the houseboat's motor. On August 3, 2017, Volvo removed the case to this Court, citing federal question jurisdiction under both the Federal Boat Safety Act of 1971, 46 U.S.C. § 4301, et seq., and the Inland Navigation Rules, 33 U.S.C. § 2701.

Following removal to this Court, Plaintiff filed an Amended Complaint (ECF No. 17) on October 24, 2017 which named Waterway Houseboat Builders, the company that actually constructed the vessel, as an additional defendant. Silverthorn and Volvo proceeded to file their own cross-claims for indemnity and contribution, but Waterway was never served with the Amended Complaint prior to the time Plaintiff voluntarily dismissed it as a defendant on May 14, 2018. ECF No. 34. Plaintiff then proceeded to enter into a stipulation with Volvo for dismissal in exchange for a waiver of costs. ECF No. 43. Under the terms of that stipulation, Plaintiff represented to the Court and to the

remaining Defendant, Silverthorn, that it was "no longer pursuing product liability claims against Volvo Penta and Waterway Houseboat Builders, but rather, is pursuing Silverthorn under theories that do not involve Volvo Penta or Waterway Houseboat Builders." ECF No. 43, p. 2:3-5. Plaintiff thereafter filed a Motion for Good Faith Settlement as to that settlement (ECF No. 53), which Silverthorn opposed on grounds that Plaintiff's Amended Complaint, as currently constituted, continued to contain product liability claims despite Plaintiff's apparent stipulation otherwise. At the time of the hearing on Plaintiff's Motion on August 16, 2018, the Court ordered the parties to meet and confer within the next thirty days as to an amended pleading which could resolve those differences. When Plaintiff declined to file any further amended pleading, the Court denied the Motion for Good Faith Settlement on November 13, 2018, reasoning that because Plaintiff's operative complaint still included products liability claims implicating Volvo for which indemnity could be asserted, a settlement in exchange only for a waiver of costs could not be deemed in good faith given the potentially enormous damages being asserted by Plaintiff. ECF No. 88.

Silverthorn now moves for judgment on the pleadings as to Plaintiff's claims against it, claiming that it cannot ascertain what factual contentions, if any, Plaintiff makes against Silverthorn, given the fact that the Amended Complaint includes only allegations against Silverthorn, Volvo and Waterway jointly.[1] In the absence of both Volvo and Waterway as Defendants, and given Plaintiff's assertion that it makes no products liability claims against either of those parties, Silverthorn contends it cannot reasonably ascertain just what product liability claims are in fact being asserted against it at this juncture since the products liability allegations of the Amended Complaint as they currently stand draw no effective distinction between the respective roles of Silverthorn, Waterway and Volvo in the circumstances surrounding this lawsuit.

///

---

[1] The Court notes that Silverthorn's Motion originally also contained a request that the matter be remanded back to state court. By Notice filed November 2, 2018 (ECF No. 85), however, Silverthorn withdrew that request and consequently it will not be further considered.

3

1    Under Federal Rule of Civil Procedure 12(c), "a party may move for judgment on
2 the pleadings" after the pleadings are closed "but early enough not to delay trial." A
3 motion for judgment on the pleadings pursuant to Rule 12(c) challenges the legal
4 sufficiency of the opposing party's pleadings. See, e.g., Westlands Water Dist. v.
5 Bureau of Reclamation, 805 F. Supp. 1503, 1506 (E.D. Cal. 1992). Any party may move
6 for judgment on the pleadings under Rule 12(c) after the pleadings are closed but within
7 such time as to not delay trial.

8    A motion for judgment on the pleadings should only be granted if "the moving
9 party clearly establishes on the face of the pleadings that no material issue of fact
10 remains to be resolved and that it is entitled to judgment as a matter of law.'" Hal Roach
11 Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989).
12 Judgment on the pleadings is also proper when there is either a "lack of cognizable legal
13 theory" or the "absence of sufficient facts alleged under a cognizable legal theory."
14 Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). In reviewing a
15 Rule 12(c) motion, "all factual allegations in the complaint [must be accepted] as true
16 and construe[d] . . . in the light most favorable to the non-moving party." Fleming v.
17 Pickard, 581 F.3d 922, 925 (9th Cir. 2009). Judgment on the pleadings under Rule 12(c)
18 is warranted "only if it is clear that no relief could be granted under any set of facts that
19 could be proved consistent with the allegations." Deveraturda v. Globe Aviation Sec.
20 Servs., 454 F.3d 1043, 1046 (9th Cir. 2006) (internal citations omitted).

21    Although Rule 12(c) does not mention leave to amend, courts have the discretion
22 in appropriate cases to grant a Rule 12(c) motion with leave to amend, or to simply grant
23 dismissal of the action instead of entry of judgment. See Lonberg v. City of Riverside,
24 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004); Carmen v. S.F. Unified Sch. Dist.,
25 982 F. Supp. 1396, 1401 (N.D. Cal. 1997).

26    The Court's review of Plaintiff's complaint shows virtually no allegations made
27 specifically against Silverthorn. In her First Cause of Action, for Strict Products Liability,
28 Plaintiff asserts that Silverthorn, Waterway, and Volvo, "and each of them, failed to

manufacture, design, test and assemble the SUBJECT VESSEL and its components part in such a way so as to protect against the SUBJECT VESSEL's propeller from coming into contact with people in the water near the rear of the vessel." Pl.'s Am. Compl, ¶ 13. As such, according to Plaintiff, the houseboat (that was "designed, manufactured, marketed, sold and otherwise placed in the stream of commerce" by all three Defendants) was "defective in design, manufacture, fabrication, assembly, distribution, inspection, service, repair, marketing, and/or modification", with warnings and instructions, if any, being "defective and inadequate." Id. at ¶ 12. Plaintiff goes on to allege that the Volvo engine on the vessel "was in a defective state when it left the possession of [Volvo] without a propeller guard," and that the Volvo engine was also "defective by virtue of the lack of any design feature and/or warning that would enable users of the SUBJECT VESSEL to discern and differentiate between the sound of the engine and the sound of the generator, causing users to mistake the engine for the generator." Id. at ¶ 14. None of these allegations provide any factual specifics whatsoever as to Silverthorn.

The Second Cause of Action, which Plaintiff entitles "Products-Negligence", in addition to incorporating the allegations of the first claim, otherwise simply makes the same generalized allegations of conduct applicable to all three Defendants. Id. at ¶ 22 (Silverthorn, Waterway and Volvo knew, or should have known, that the houseboat was not "designed, tested, developed, manufactured, fabricated, assembled, distributed, bought, sold, inspected, serviced, repaired, marketed, warranted, leased, rented, supplied, modified, and/or provided in a condition that made it safe for its intended uses"); ¶ 23 (Silverthorn, Waterway and Volvo acted negligently in the same activities alleged above). These allegations provide no further factual explication as to Silverthorn's purported role in the circumstances surrounding this lawsuit.

Finally, Plaintiff's third and final cause of action, while purporting to be for negligence and ostensibly asserted against Silverthorn, only, again just incorporates the allegations of the preceding causes of action by reference and alleges that the

houseboat was "unreasonably dangerous," that it was "designed, manufactured, rented, leased and sold" by Silverthorn, and that Silverthorn knew of at least one serious injury in the weeks preceding the subject accident involving a propeller injury. Id. at ¶ 37. Plaintiff still does not allege how this could have prevented Plaintiff's injury, or otherwise describe Silverthorn's alleged misfeasance.

While Plaintiff is not required to provide an abundance of factual detail in order to state a viable claim for pleadings purposes, the law is nonetheless clear that a "pleading that offers only "labels and conclusions" or a formulaic recitation of the elements of a cause of action will not suffice. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Nor can a complaint survive pleadings scrutiny if it tenders only "naked assertions devoid of further factual enhancement." Id. The Court finds that Plaintiff's Amended Complaint fails to satisfy these threshold standards. Consequently, Defendant Silverthorn's Motion for Judgment on the Pleadings is GRANTED.[2] ECF No. 66. Plaintiff is directed to file an amended pleading not later than fourteen (14) days following the date this Order is electronically filed. Failure to do so will result in the matter being dismissed with prejudice without further notice, and no extensions will be permitted.

IT IS SO ORDERED.

Dated: February 5, 2019

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[2] Having determined that oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs in accordance with E.D. Local Rule 230(g).