UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLGA CIOBAN-LEONTIY,<br><br>Plaintiff,<br><br>v.<br><br>SILVERTHORN RESORT ASSOCIATES, LP, a California Limited Partnership, WATERWAY HOUSEBOAT BUILDERS, a foreign corporation, VOLVO PENTA OF THE AMERICAS, LLC, a Delaware Limited Liability Company, and DOES 1-50, inclusive,<br><br>Defendants. | No. 2:17-cv-01626-MCE-DMC<br><br>**ORDER** |
| SILVERTHORN RESORT ASSOCIATES, LP, a California Limited Partnership,<br><br>Cross-Claimant,<br><br>v.<br><br>DMITRY GAIDUCHIK, MAKSIM LEONTIY, VOLVO PENTA OF THE AMERICAS, LLC, a Delaware Limited Liability Company, and WATERWAY HOUSEBOAT BUIDERS, a foreign corporation,<br><br>Cross-Defendants. | |

1

| | |
|---|---|
| 1 | VOLVO PENTA OF THE AMERICAS, LLC, a Delaware Limited Liability Company, |
| 2 | |
| 3 | Cross-Claimant, |
| 4 | v. |
| 5 | DMITRY GAIDUCHIK, MAKSIM LEONTIY, SILVERTHORN RESORT ASSOCIATES, LP, a California Limited Partnership, and WATERWAY HOUSEBOAT BUIDERS, a foreign corporation, |
| 6 | |
| 7 | |
| 8 | |
| 9 | Cross-Defendants. |

Through the present action, Plaintiff Olga Cioban-Leontiy ("Plaintiff") seeks damages for personal injuries she sustained after jumping from a houseboat on Lake Shasta, California and coming into contact with the vessel's propeller. Plaintiff's Complaint was originally filed in Shasta County Superior Court on May 10, 2017, and included causes of action for products liability and negligence. In addition to suing Defendant Silverthorn Resort Associates, LP, Inc. ("Silverthorn"), the marina where the houseboat had been rented, Plaintiff's Complaint also originally named Volvo Penta of America ("Volvo"), the manufacturer of the houseboat's motor. On August 3, 2017, Volvo removed the case to this Court, citing federal question jurisdiction under both the Federal Boat Safety Act of 1971, 46 U.S.C. § 4301, et seq., and the Inland Navigation Rules, 33 U.S.C. § 2701. Presently before the Court are two motions for summary judgment. The first was filed on January 24, 2019, by Volvo with respect to Silverthorn's cross-claim against it. ECF No. 101. Then, on January 25, 2019, Silverthorn filed its own motion for summary judgment, or alternatively for partial summary judgment (ECF No. 105) on the three causes of action contained in Plaintiff's then operative pleading. Before addressing those Motions, which are now before this Court for adjudication, the complicated and unusual history of this case must be discussed.

///

Following removal to this Court, Plaintiff filed a First Amended Complaint (ECF No. 17) on October 24, 2017 which named Waterway Houseboat Builders, the company that actually constructed the vessel, as an additional Defendant. Silverthorn and Volvo proceeded to file their own cross-claims for indemnity and contribution, but Waterway was never served with the First Amended Complaint prior to the time Plaintiff voluntarily dismissed it as a defendant on May 14, 2018. ECF No. 34. Plaintiff then proceeded to enter into a stipulation with Volvo for dismissal in exchange for a waiver of costs. ECF No. 43. Under the terms of that stipulation, Plaintiff represented to the Court and to the remaining Defendant, Silverthorn, that it was "no longer pursuing product liability claims against Volvo Penta and Waterway Houseboat Builders, but rather, is pursuing Silverthorn under theories that do not involve Volvo Penta or Waterway Houseboat Builders." ECF No. 43, p. 2:3-5. Plaintiff thereafter filed a Motion for Good Faith Settlement as to that settlement (ECF No. 53), which Silverthorn opposed on grounds that Plaintiff's First Amended Complaint, as then constituted, continued to contain product liability claims despite Plaintiff's apparent stipulation otherwise. At the time of the hearing on Plaintiff's Motion on August 16, 2018, the Court ordered the parties to meet and confer within the next thirty days as to an amended pleading which could resolve those differences. When Plaintiff declined to file any further amended pleading, the Court denied the Motion for Good Faith Settlement on November 13, 2018, reasoning that because Plaintiff's First Amended Complaint still included products liability claims implicating Volvo for which indemnity could be asserted, a settlement in exchange only for a waiver of costs could not be deemed in good faith given the potentially enormous damages being asserted by Plaintiff. ECF No. 88.

In the meantime, Silverthorn filed a Motion for Judgment on the Pleadings on August 31, 2018 (ECF No. 66) on grounds it could not ascertain what factual contentions, if any, Plaintiff asserted against Silverthorn, given the fact that the Amended Complaint
///

includes only allegations against Silverthorn, Volvo and Waterway jointly.[1] In the absence of both Volvo and Waterway as Defendants, and given Plaintiff's assertion that it makes no products liability claims against either of those parties, Silverthorn argued it cannot reasonably ascertain just what product liability claims are in fact being asserted against it at this juncture since the products liability allegations of the Amended Complaint as then constituted drew no effective distinction between the respective roles of Silverthorn, Waterway and Volvo in the circumstances surrounding this lawsuit.

Reasoning that the First Amended Complaint provided no factual specifics whatsoever as to Silverthorn, the Court granted Silverthorn's Motion by Order filed February 6, 2019, and directed Plaintiff to file a further amended pleading by February 20, 2019 if she chose to do so. ECF No. 115. Plaintiff subsequently filed her Second Amended Complaint on February 20, 2019. ECF No. 119. The Court's review of the Second Amended Complaint indicates that it is directed against Silverthorn, only, and appears to eliminate the products liability causes of action previously alleged in the First Amended Complaint, instead relying only on negligence and purported "strict liability" claims. In addition, the factual averments made against Silverthorn are substantially different in that they appear to focus not on the absence of a propeller guard but instead on Silverthorn's alleged failure to provide appropriate safety information to the occupants of the houseboat after it was rented and before the boat was taken out on Lake Shasta.

The Motions for Summary Judgment now before the Court were both filed before Plaintiff's now-operative Second Amended Complaint. Volvo's Motion as to Silverthorn's crossclaim against it is premised on claims made against Volvo in the context of its answer to a now-superseded First Amended Complaint. ECF No. 21. Whether or not Silverthorn will continue to pursue that cross-claim in the wake of Plaintiff's Second Amended Complaint remains to be seen, particularly given Plaintiff's apparent

---

[1] The Court notes that Silverthorn's Motion originally also contained a request that the matter be remanded back to state court. By Notice filed November 2, 2018 (ECF No. 85), however, Silverthorn withdrew that request and consequently the remand request was not further considered.

4

elimination of any products liability claims.  Consequently, Volvo's Motion for Summary Judgment (ECF No. 101) is DENIED, without prejudice to being renewed should circumstances warrant at a later date.

Silverthorn's own Motion for Summary Judgment (ECF No. 105), as directed specifically to the three causes of action pleaded by Plaintiff in the prior First Amended Complaint, is similarly rendered moot by the filing of a Second Amended Complaint and is therefore also DENIED without prejudice to being renewed as this litigation progresses.  For now, the docket reveals that Silverthorn has properly filed a Motion to Dismiss (ECF No. 121) as to the Second Amended Complaint.  Until the pleadings are clarified, any further request for summary judgment would be premature given the fact that just what claims Plaintiff may ultimately be permitted to pursue against Silverthorn remains unclear.  Moreover, whether or not Silverthorn will continue to pursue its cross-claim against Volvo following the Second Amended Complaint is equally uncertain.

In sum, then, the Motions for Summary Judgment filed on behalf of Cross-Defendant Volvo and Defendant Silverthorn (ECF Nos. 101 and 105) are both DENIED, without prejudice to being renewed once the scope of Plaintiff's Second Amended Complaint, and any cross-claims based thereon, has been ascertained.[2]

IT IS SO ORDERED.

Dated: April 15, 2019

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[2] Having determined that oral argument would not be of material assistance, the Court ordered both motions submitted on the briefs in accordance with E.D. Local Rule 230(g).