UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLGA CIOBAN-LEONTIY,<br><br>    Plaintiff,<br><br>    v.<br><br>SILVERTHORN RESORT ASSOCIATES, LP, a California Limited Partnership, WATERWAY HOUSEBOAT BUILDERS, a foreign corporation, VOLVO PENTA OF THE AMERICAS, LLC, a Delaware Limited Liability Company, and DOES 1-50, inclusive,<br><br>    Defendants. | No. 2:17-cv-01626-MCE-DMC<br><br>**ORDER** |
| SILVERTHORN RESORT ASSOCIATES, LP, a California Limited Partnership,<br><br>    Cross-Claimant,<br><br>    v.<br><br>DMITRY GAIDUCHIK, MAKSIM LEONTIY, VOLVO PENTA OF THE AMERICAS, LLC, a Delaware Limited Liability Company, and WATERWAY HOUSEBOAT BUIDERS, a foreign corporation,<br><br>    Cross-Defendants. | |

1

| | |
|---|---|
| 1 | VOLVO PENTA OF THE AMERICAS, LLC, a Delaware Limited Liability Company, |
| 2 | |
| 3 | Cross-Claimant, |
| 4 | v. |
| 5 | DMITRY GAIDUCHIK, MAKSIM LEONTIY, SILVERTHORN RESORT ASSOCIATES, LP, a California Limited Partnership, and WATERWAY HOUSEBOAT BUIDERS, a foreign corporation, |
| 6 | |
| 7 | |
| 8 | |
| 9 | Cross-Defendants. |

Through the present action, Plaintiff Olga Cioban-Leontiy ("Plaintiff") seeks damages for personal injuries she sustained after jumping from a houseboat on Lake Shasta, California and coming into contact with the vessel's propeller. Plaintiff's Complaint was originally filed in Shasta County Superior Court on May 10, 2017, and included causes of action for products liability and negligence. In addition to suing Defendant Silverthorn Resort Associates, LP, Inc. ("Silverthorn"), the marina where the houseboat had been rented, Plaintiff's Complaint also originally named Volvo Penta of America ("Volvo"), the manufacturer of the houseboat's motor. On August 3, 2017, Volvo removed the case to this Court, citing federal question jurisdiction under both the Federal Boat Safety Act of 1971, 46 U.S.C. § 4301, et seq., and the Inland Navigation Rules, 33 U.S.C. § 2701. Presently before the Court is Silverthorn's Motion to Dismiss (ECF No. 121), which is directed at the Second Claim for Relief contained in Plaintiff's Second Amended Complaint (ECF No. 119), filed February 20, 2019. Prior to addressing that Motion directly, it is helpful to review its complex procedural posture in order to understand how the case has evolved over a period of nearly two years.

Following removal to this Court, Plaintiff filed a First Amended Complaint ("FAC") (ECF No. 17) on October 24, 2017, which named Waterway Houseboat Builders, the company that actually constructed the vessel, as an additional Defendant. Silverthorn

and Volvo proceeded to file their own cross-claims for indemnity and contribution, but Waterway was never served with the FAC prior to the time Plaintiff voluntarily dismissed it as a defendant on May 14, 2018. ECF No. 34. Plaintiff then proceeded to enter into a stipulation with Volvo for dismissal in exchange for a waiver of costs. ECF No. 43. Under the terms of that stipulation, Plaintiff represented to the Court and to the remaining Defendant, Silverthorn, that it was "no longer pursuing product liability claims against Volvo Penta and Waterway Houseboat Builders, but rather, is pursuing Silverthorn under theories that do not involve Volvo Penta or Waterway Houseboat Builders." ECF No. 43, p. 2:3-5. Plaintiff thereafter filed a Motion for Good Faith Settlement as to that settlement (ECF No. 53), which Silverthorn opposed on grounds that Plaintiff's FAC, as then constituted, continued to contain product liability claims despite Plaintiff's apparent stipulation otherwise. At the time of the hearing on Plaintiff's Motion on August 16, 2018, the Court ordered the parties to meet and confer within the next thirty days as to an amended pleading which could resolve those differences. When Plaintiff declined to file any further amended pleading, the Court denied the Motion for Good Faith Settlement on November 13, 2018, reasoning that because Plaintiff's FAC still included products liability claims implicating Volvo for which indemnity could be asserted, a settlement in exchange only for a waiver of costs could not be deemed in good faith given the potentially enormous damages being asserted by Plaintiff. ECF No. 88.

In the meantime, Silverthorn filed a Motion for Judgment on the Pleadings on August 31, 2018 (ECF No. 66) on grounds it could not ascertain what factual contentions, if any, Plaintiff asserted against it, given the fact that the FAC included only allegations against Silverthorn, Volvo and Waterway jointly.[1] In the absence of both Volvo and Waterway as Defendants, and given Plaintiff's assertion that it makes no products liability claims against either of those parties, Silverthorn argued it cannot

---

[1] The Court notes that Silverthorn's Motion originally also contained a request that the matter be remanded back to state court. By Notice filed November 2, 2018 (ECF No. 85), however, Silverthorn withdrew that request and consequently the remand request was not further considered.

reasonably ascertain just what product liability claims are in fact being asserted against it since the products liability allegations of the FAC drew no effective distinction between the respective roles of Silverthorn, Waterway and Volvo in the circumstances surrounding this lawsuit.

Reasoning that the FAC provided no factual specifics whatsoever as to Silverthorn, the Court granted Silverthorn's Motion by Order filed February 6, 2019, and directed Plaintiff to file a further amended pleading by February 20, 2019 if she chose to do so. ECF No. 115. Plaintiff subsequently filed the operative Second Amended Complaint ("SAC") on February 20, 2019. ECF No. 119.

The Court's review of the SAC indicates that it is directed against Silverthorn, only, and appears to eliminate the products liability causes of action previously alleged in the FAC, instead relying only on negligence and purported "strict liability" claims. The factual averments made against Silverthorn in the SAC focus on Silverthorn's alleged failure to provide appropriate safety information to the occupants of the houseboat after it was rented and before the boat was taken out on Lake Shasta.

The Motion to Dismiss now before the Court for adjudication takes issue with the viability of the second cause of action pled in the SAC, which purports to allege "strict liability" claims. While the SAC's first claim, for negligence, is factually premised on Silverthorn's alleged failure to provide adequate safe practices instruction and/or orientation for use of the houseboat, the second claim for strict liability contains no factual specificity whatsoever, stating only that Silverthorn "failed to modify, warn, market and test" the vessel in such a way as to safeguard against propeller injuries after it was "marketed, leased, rented, and otherwise placed in the stream of commerce" by Silverthorn. SAC, ¶ 31-32. The claim does not say how Silverthorn should have modified, warned, marketed and tested the vehicle except to say that said alleged failure subjected the occupants to "serious, permanent and life threatening injuries in the event of a foreseeable contact with the propeller." Id. at 32.

////

As Defendants point out, while Plaintiff's negligence claim provides some factual specificity, as far as strict liability is concerned the allegations enumerated above amount to only a formulaic recitation devoid of any meaningful facts. This subjects Plaintiff's second cause of action to dismissal for failure to state a viable cause of action under Rule 12(b)(6). See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (while a claim need not contain detailed factual allegations to survive a challenge under Rule 12(b)(6), "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."). In addition, Rule 8(a)(2), which requires a short and plain statement of the claim so as to give the defendant fair notice of what the claim is and the grounds upon which it rests, "requires a showing, rather than a blanket assertion, of entitlement to relief." Id. at 555 n.3. Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Wright & Miller, Federal Practice and Procedure § 1202, pp. 94, 95 (3d ed. 2004).

These difficulties are further compounded by Plaintiff's Opposition itself, which inexplicably refers to Plaintiff's FAC, as opposed to the operative SAC. Consequently, as support for her contentions, Plaintiff points to the allegations of a pleading that has now been superseded. See Pl.'s Opp., ECF No. 128, 4:19-23 (referring to paragraphs in the FAC, not the SAC). This presents yet another layer of confusion.

In sum, then, because the second claim for relief in the SAC fails to state a viable cause of action for "strict liability," Defendant Silverthorn's Motion to Dismiss (ECF No. 121) is GRANTED.[2] Should she wish to do so, Plaintiff may file a Third Amended Complaint not later than twenty (20) days after the date this Order is electronically filed.

///

///

---

[2] Having determined that oral argument was not of material assistance, the Court ordered this matter submitted on the briefs in accordance with Local Rule 230(g).

Failure to timely file an amended pleading will result in dismissal of Plaintiff's negligence claim with prejudice without further notice to the parties.

IT IS SO ORDERED.

Dated: April 25, 2019

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE