**COLLEEN A. DÉZIEL (Bar No. 164282)**
  cad@amclaw.com
**DAVID R. HUNT (Bar No. 110675)**
  drh@amclaw.com
**DAVID J. BILLINGS (Bar No. 175383)**
  djb@amclaw.com
**ANDERSON, McPHARLIN & CONNERS LLP**
707 Wilshire Boulevard, Suite 4000
Los Angeles, California 90017-3623
TELEPHONE: (213) 688-0080 ♦ FACSIMILE: (213) 622-7594

Attorneys for Defendant/Cross-Claimant/Cross-Defendant
**SILVERTHORN RESORT ASSOCIATES, LP**

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| OLGA CIOBAN-LEONTIY,<br><br>Plaintiff,<br><br>vs.<br><br>SILVERTHORN RESORT ASSOCIATES, LP, a California Limited Partnership, WATERWAY HOUSEBOAT BUILDERS, a foreign corporation, VOLVO PENTA OF THE AMERICAS, LLC, a Delaware Limited Liability Company, and DOES 1 through 50, inclusive,<br><br>Defendants.<br><br>AND RELATED CROSS-ACTIONS. | Case No. 2:17-cv-01626-MCE-DMC<br><br>**ORDER ON STIPULATION TO STRIKE PORTIONS AND TO CLARIFY PORTIONS OF PLAINTIFF'S THIRD AMENDED COMPLAINT**<br><br>Trial Date: None |

The Court having reviewed and considered the Parties' STIPULATION TO STRIKE AND TO CLARIFY PORTIONS OF PLAINTIFF'S THIRD AMENDED COMPLAINT, and good cause appearing therefore,

IT IS HEREBY ORDERED as follows:

1. The stipulation of the parties is accepted.

/ / /

2. The following portions of Plaintiff's Third Amended Complaint ("TAC") as identified by the struck through language below are stricken from the TAC:

  a. ¶ 31, p. 7:14: "was defective in ~~design~~, inspection, service, repair, marketing and/or modification"; and

  b. ¶46, p. 11:7-9 : "to ~~design, test, develop[,] manufacture, fabricate, assemble, distribute,~~ warn, instruct, buy, sell, inspect, service, repair, market, warrant, lease, supply, modify, and/or provide the SUBJECT VESSEL, in a condition that was safe for its intended use."

3. The allegations set out in ¶33, at p. 7:26 – 28:1 that the SUBJECT VESSEL was "generally defective in its marketing, leasing, and visible warnings because it failed to protect foreseeable users of the SUBJECT VESSEL, as well as bystanders, from injurious contact with the vessel's propeller when in the water in the vicinity of the aft of the vessel and its propeller" are limited to "marketing, leasing, and visible warnings" and shall not be interpreted to raise issues of physical prevention of people coming into contact with the propeller by the use of a propeller guard, ladder interlock devise, or other such instrumentality, and Plaintiff has waived pursuit of such theories against SILVERTHORN.

4. SILVERTHORN, having waived its right to challenge the TAC through a motion to dismiss or a motion to strike portions of its allegations, shall;

  (1) Answer the TAC and file a cross-claim against cross-defendants Dmitry Gaiduchik and Maxim Leontiy only, dropping cross-defendant Volvo Penta of the Americas, LLC, a Delaware Limited Liability Company from its cross-claim; and

/ / /

/ / /

/ / /

/ / /

(2) File its answer and cross-claim on or before ten days from the date notice is given by the Court that this stipulation has been accepted and made an order of the Court.

IT IS SO ORDERED.

Dated: June 5, 2019

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE